J-S18017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TRACY DEL HANNA | : | |
| | : | |
| Appellant | : | No. 1779 MDA 2019 |

Appeal from the PCRA Order Entered August 22, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0007808-2013

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                          **FILED MAY 21, 2020**

Appellant, Tracy Del Hanna, appeals from the order entered in the York County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]   We affirm and grant counsel's petition to withdraw.

A prior panel of this Court set forth the relevant facts and procedural history of this appeal as follows:

> On September 28, 2013, Appellant and Timothy Morton fought over an electric bill.  During the course of the altercation, Appellant stabbed Morton with a knife.  Morton was transported by ambulance to the emergency room and treated for a five and one-half inch deep stab wound to the buttocks.  After a jury trial, Appellant was convicted of two counts of aggravated assault and one count each of simple

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

assault and possession of marijuana. On September 24, 2014, the trial court imposed an aggregate sentence of seven and one-half to fifteen years of incarceration. This Court affirmed Appellant's judgment of sentence. *See* ***Commonwealth v. Hanna***, 134 A.3d 94 (Pa.Super. 2015) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court. Therefore, his judgment of sentence became final in November of 2015.

Appellant filed a timely *pro se* PCRA petition on February 25, 2016. In his petition, Appellant alleged that trial counsel was ineffective for directing him to reject a plea offer on the grounds that the Commonwealth could not prove serious bodily injury since the injury was below the waist. Counsel was appointed, but due to a conflict, substitute conflict counsel was appointed. On August 22, 2016, the PCRA court held a hearing, at the conclusion of which it dismissed the PCRA petition on its merits.

On August 24, 2016 and September 30, 2016, Appellant attempted to file *pro se* notices of appeal. Both were rejected, and forwarded to counsel, since Appellant was still represented by conflict counsel. On February 16, 2017, Appellant received a letter from conflict counsel stating that he did not know that Appellant wished to file an appeal, the time for filing one had lapsed, and instructing Appellant to file a PCRA petition seeking the reinstatement of his appellate rights due to attorney abandonment.

Five months later, Appellant filed his second *pro se* PCRA petition. In the petition, Appellant challenged conflict counsel's effectiveness for failing to file a notice of appeal following the dismissal of his first PCRA petition. Appellant attached the February 16, 2017 letter from conflict counsel as an exhibit. The PCRA court appointed counsel and ordered him to file an amended PCRA petition, which he did. The amended PCRA petition reiterated the argument Appellant had already made in his *pro se* petition.

After new counsel was appointed, the Commonwealth filed a motion to dismiss the second PCRA petition as untimely, since the petition was facially untimely and not filed within sixty days of the date that it could have been filed, so that

- 2 -

it could have met one of the PCRA time bar exceptions. On November 22, 2017, the PCRA court entered an order, agreeing with the Commonwealth's reasoning, and dismissing Appellant's second PCRA petition as untimely. Appellant's counsel filed a motion for reconsideration of the dismissal order. On January 30, 2018, the PCRA court denied the motion. After a breakdown, wherein Appellant's counsel abandoned him, new counsel was appointed and appellate rights were reinstated *nunc pro tunc*. Appellant filed a timely notice of appeal *nunc pro tunc*, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

***Commonwealth v. Hanna***, No. 666 MDA 2019, unpublished memorandum at 1-3 (Pa.Super. filed October 23, 2019).

On appeal, this Court determined that Appellant timely filed a *pro se* notice of appeal from the 2016 order denying his first PCRA petition. Further, the PCRA court should have docketed and forwarded the notice of appeal to this Court, despite Appellant's representation by counsel. Consequently, this Court vacated the PCRA court's November 22, 2017 order and remanded the matter to the PCRA court for Appellant to proceed upon the timely filed notice of appeal from the 2016 order dismissing his first PCRA petition.

Upon remand, the PCRA court entered a Rule 1925(b) order on October 25, 2019. On November 14, 2019, Appellant timely filed his Rule 1925(b) statement.

Preliminarily, appellate counsel has filed an application to withdraw as counsel and an accompanying brief pursuant to ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Before counsel can be permitted to withdraw

from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to *Turner* and *Finley*. *Commonwealth v. Karanicolas*, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel. *Id.* "Substantial compliance with these requirements will satisfy the criteria." *Karanicolas, supra* at 947.

Instantly, appellate counsel filed an application to withdraw as counsel and a *Turner/Finley* brief detailing the nature of counsel's review and explaining why Appellant's issue lacks merit. Counsel's brief also demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of the request to withdraw and advised Appellant regarding his rights. Thus, counsel substantially complied with the *Turner/Finley* requirements. *See Wrecks, supra*; *Karanicolas, supra*. Accordingly, we proceed to an independent evaluation. *See Turner, supra* at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

Counsel raises the following issue for this Court's review:

- 4 -

WHETHER THE PCRA COURT ABUSED ITS DISCRETION BY DISMISSING [APPELLANT'S] PCRA PETITION WHERE TRIAL COUNSEL IMPROPERLY ADVISED [APPELLANT] AS TO THE LEGAL DEFINITION OF SERIOUS BODILY INJURY REQUIRED TO SUSTAIN A CONVICTION FOR AGGRAVATED ASSAULT, RESULTING IN [APPELLANT] TURNING DOWN A FAVORABLE PLEA OFFER AND ELECTING TO GO TO TRIAL?

(Pa.R.A.P. 1925(b) Statement, filed 12/6/19, at 1).[2]

On appeal, counsel refers to Appellant's first PCRA petition, wherein Appellant alleged trial counsel was ineffective for directing him to reject a favorable plea offer on the grounds that the Commonwealth could not prove the "serious bodily injury" required for an aggravated assault conviction under Section 2702(a)(1). Counsel explains that both Appellant and trial counsel testified at the August 22, 2016 evidentiary hearing, and the PCRA court did not credit Appellant's testimony regarding the plea offer or trial counsel's advice. Counsel concludes the record supports the PCRA court's credibility determinations, and this Court has no basis upon which to grant Appellant relief.[3] We agree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795

---

[2] The *Turner*/*Finley* brief does not include a statement of questions involved.

[3] Appellant has not responded to the *Turner*/*Finley* brief with newly retained counsel or *pro se*.

(2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012).

Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. *Commonwealth v. Abu-Jamal*, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 600 Pa. 329, 356, 966 A.2d 523, 539 (2009).

Pennsylvania law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the

issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [***Kimball, supra***], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

Instantly, Appellant and trial counsel appeared at the August 22, 2016 PCRA hearing. Appellant testified trial counsel had informed him about a plea offer of three and one-half to six years' imprisonment. (**See** N.T. Hearing, 8/22/16, at 8). Appellant claimed trial counsel advised him not to accept the offer, because the Commonwealth "could not get [Appellant] for severe bodily

injury[.]" (*Id.* at 11). Appellant also testified he told trial counsel that he did not want to accept the plea offer, because "I'm not guilty of what they are saying[.]" (*Id.* at 9).

Trial counsel testified that the Commonwealth made plea offers, but they were "like seven and a half to fifteen, somewhere in the higher end" of the sentencing guidelines. (*Id.* at 21). Although trial counsel negotiated with the Commonwealth, he denied "there was ever a formal, written offer" for a sentence of three and one-half to six years' imprisonment.[4] (*Id.* at 22). Additionally, trial counsel denied advising Appellant that a jury could find serious bodily injury only where an injury occurred above the waist. (*Id.* at 24). Trial counsel explained his advice to Appellant as follows:

> I think what's happening is [Appellant] is combining two things. He was given an offer. We explained what serious bodily injury is. He adamantly refused the offer. We then talked about trial strategy, and the trial strategy was trying to convince the jury that he was not trying to cause serious bodily injury; he was hitting the buttocks, no vital organs. It only went in about a half an inch. We had marks on the knife. So trial strategy became trying to make it a minimal, less invasive … injury, but that was not what he was

---

[4] During trial counsel's testimony, the Commonwealth entered copies of two proposed plea agreements into evidence. (*See* N.T. Hearing, 8/22/16, Commonwealth's Exhibit 1, 2). The first agreement indicated that the Commonwealth offered to recommend an aggregate sentence of seven to fourteen years' imprisonment in exchange for Appellant's guilty plea to two counts of aggravated assault and one count of possession of a small amount of marijuana. The second agreement indicated that the Commonwealth offered to recommend an aggregate sentence of six and one-half to thirteen years' imprisonment for the aforementioned charges, as well as a consecutive term of one to two years' imprisonment for the additional count of simple assault.

> instructed as to serious bodily injury. It was explained it had to do with impairment, disfigurement, serious injury, you know, loss of bodily functions, that type of thing, that's in that law.

(*Id.* at 24-25).

The PCRA court considered the evidence and made the following credibility determinations:

> [T]his [c]ourt finds that Appellant was never offered a sentence of "three and a half to [six] years" in exchange for his guilty plea. Instead, he was offered "six and a half to thirteen years." Further, although Appellant alleged that he was advised by [trial counsel] as to the incorrect definition of "serious bodily injury," [trial counsel] denied it. This [c]ourt does not find Appellant credible in his assertion regarding [trial counsel's] definition of "serious bodily injury." Additionally, Appellant admitted that he believed he was not guilty and would not accept the plea offer.

(PCRA Court Opinion, filed December 20, 2019, at 10).

Here, we grant deference to the PCRA court's findings, which the record supports. *See Johnson, supra*; *Boyd, supra*. Based upon the foregoing, we conclude there is no arguable merit to Appellant's claim of ineffectiveness in conjunction with the proposed plea agreements. *See Pierce, supra*; *Poplawski, supra*. Following our independent review of the record, we agree with counsel that the appeal is frivolous. Accordingly, we affirm and grant counsel's petition to withdraw.

Order affirmed.  Counsel's petition to withdraw is granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/2020